UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GIUSEPPE TABBITA,

                       Plaintiff,                 Docket #: 10 CIV ____

    -against-           WEINSTEIN, J.    **COMPLAINT**

NATURE'S THERAPY, LLC,    BLOOM, M.J.    Plaintiff Demands Trial by Jury

                       Defendant.
-----------------------------------------------------------------X

Plaintiff, GIUSEPPE TABBITA, by his attorneys, ROBINSON & YABLON, P.C., complaining of the defendant, sets forth the following:

1. This is an action pursuant to New York products liability law. Jurisdiction of the Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1332 (a) (1) because the dispute involves the plaintiff, who is a citizen of New York state, and defendant, a New Jersey Corporation, and because the amount in controversy is greater than $75,000.00.

2. At all times hereinafter mentioned, Plaintiff GIUSEPPE TABBITA was a resident of New York State, residing in Ridgewood in the County of Queens.

3. At all times hereinafter mentioned, defendant, NATURE'S THERAPY, LLC was a foreign corporation transacting business in the state of New York.

4. At all times hereinafter mentioned, NATURE'S THERAPY, LLC was a foreign corporation, duly authorized to do business in the state of New York.

5. At all times hereinafter mentioned, NATURE'S THERAPY, LLC was a New Jersey corporation.

6. At all times hereinafter mentioned, NATURE'S THERAPY, LLC had its principal place of business in Middlesex, New Jersey.

7. At all times hereinafter mentioned, NATURE'S THERAPY, LLC contracted to supply goods in the state of New York.

8. At all times hereinafter mentioned, NATURE'S THERAPY, LLC regularly did and solicited business and/or engaged in other persistent courses of conduct and/or derived financial revenue from the goods supplied in the state of New York.

9. At all times hereinafter mentioned, NATURE'S THERAPY, LLC expected, or reasonably should have expected acts done by it to have consequences in the state of New York.

10. At all times hereinafter mentioned, NATURE'S THERAPY, LLC was engaged in the business of manufacturing, selling and/or distributing herbal health products including but not limited to heating pads.

## FIRST CAUSE OF ACTION

11. On December 14, 2009, plaintiff's son did purchase one of defendant's herbal heating pads from defendant's kiosk inside the Roosevelt Field Mall in Garden City, New York.

12. At the time of the manufacture, distribution, and sale of said heating pad, the product was not equipped with suitable warnings regarding its use.

13. On or about March 15, 2010, plaintiff GIUSEPPE TABBITA, while using defendant's product for its intended purpose, was permanently injured when his legs were severely burned.

14. The aforesaid occurrence and the injuries resulting therefrom and suffered by the plaintiff was caused solely by reason of the negligence and carelessness of the defendant in its design, manufacturing, testing, inspection, production, assembly, labeling, distribution, and sale of its NATURE'S THERAPY, LLC heating pad.

15. By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

16. Plaintiff, repeats, restates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. NATURE'S THERAPY, LLC in connection with its business activities aforementioned herein, made implied warranties with regard to the aforesaid product; warranting that it was fit, safe, capable and suitable for the use and purpose intended, and that it was not safe or defective.

18. The aforesaid warranties and representations were false, misleading and inaccurate in that the aforesaid NATURE'S THERAPY, LLC product was unsafe, dangerous and defective.

19. Implied warranties were breached by NATURE'S THERAPY, LLC.

20. Solely as a result of the aforesaid breach of warranty, plaintiff suffered severe injuries and damages while using the NATURE'S THERAPY, LLC product for its' warrantied use and purpose.

21. By reason of the foregoing, plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### THIRD CAUSE OF ACTION

22. Plaintiff, repeats, restates and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. At all times herein mentioned, defendant NATURE'S THERAPY, LLC was aware of potential problems with regard to the safety and suitability of its product as manufactured, sold and marketed.

24. Defendant, notwithstanding said knowledge, failed to design its product with adequate safety features and failed to notify and warn purchasers and users of its dangerous product, including plaintiffs herein.

25. As a result of said failure to warn, NATURE'S THERAPY, LLC is liable to plaintiff for the injuries and damages he suffered.

26. By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, Plaintiff GIUSEPPE TABBITA demands judgment against the defendant, NATURE'S THERAPY, LLC, INC. as follows:

(i) $2,000,000.00 (TWO MILLION DOLLARS) on the FIRST CAUSE OF ACTION;

(ii) $2,000,000.00 (TWO MILLION DOLLARS) on the SECOND CAUSE OF ACTION; and

(iii) $2,000,000.00 (TWO MILLION DOLLARS) on the THIRD CAUSE OF ACTION.

along with such other and further relief as may be granted by the Court, including but not limited to the costs and disbursements of this action.

Dated: New York, New York
November 22, 2010

ROBINSON & YABLON, P.C.
Attorneys for Plaintiff

By: Andrew M. Laskin, Esq. (AL9379)
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566
